UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HUNT and
CAROL SANTANGELO,

        Plaintiffs,                         Case Number 14-10713
                                                              Honorable David M. Lawson

v.

DONNELLY HADDEN, and
DONNELLY W. HADDEN, P.C.,

        Defendants.
_____/

## SUPPLEMENTAL OPINION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

This case began as a legal malpractice case, but eventually was pared down by the plaintiffs to claims of conversion, breach of fiduciary duty, and fraud, based on the plaintiffs' former attorney charging legal fees in excess of the parties' retainer agreement. After discovery closed, the parties each filed motions for summary judgment. The Court denied the defendants' motion and granted the plaintiffs' motion in part, finding that the defendants were liable for statutory conversion and fixing the amount converted. The Court held that a jury must decide whether the plaintiffs are entitled to treble damages under Michigan's conversion statute. Subsequently, the parties each filed motions for reconsideration, in part focusing on the amount of damages. It became apparent that there was a material fact dispute over that amount, and the Court vacated that part of its prior opinion, leaving the amount of damages for jury determination, along with the treble damage issue.

At a status conference held thereafter, the parties raised additional issues, not addressed in their summary judgment briefs, pertaining to attorney fees, the requisite proofs for treble damages, and whether expert testimony could be offered. The Court ordered the parties to submit supplemental briefs addressing the following issues: (1) What are the relevant factors for the jury

to consider in determining whether the plaintiffs are entitled to treble damages under Michigan Compiled Laws § 600.2919a?  (2) Who decides whether and how much to award in attorney fees under section 600.2919a: the jury at trial, or the Court upon motion after trial under Federal Rule of Civil Procedure 54(d)?  (3) Should the Court permit expert testimony on whether the plaintiffs should be awarded treble damages?  The parties have submitted their supplemental briefs.

## I. Treble Damages

After the Court filed its opinion and order, the Michigan Supreme Court issued its opinion in *Aroma Wines & Equip., Inc. v. Columbian Distribution Servs., Inc.*, 497 Mich. 337, --- N.W.2d --- (2015).  The court determined that, to be liable for statutory conversion, a plaintiff must show "that the defendant employed the converted property for some purpose personal to the defendant's interests, even if that purpose is not the object's ordinarily intended purpose."  *Aroma*, 497 Mich. 337, slip op. at 4.  The court, however, declined to review whether an award of treble damages is a matter of discretion for the jury.  *Id.* at 7 n.10.  As this Court stated in its previous opinion, the Michigan intermediate appellate court decisions commit that determination to the jury.

The defendants maintain that treble damages are akin to punitive damages, although they cite no Michigan authority in support of that argument.  Nonetheless, they contend that the requisite showing therefore must be sufficient to justify a punitive damage award.  The plaintiffs point out that treble damages are not always identified as punitive damages, and sometimes a different standard of proof is appropriate.

The plaintiffs cite *Johnson v. Jensen*, 433 N.W.2d 472 (Minn. Ct. App.), *rev'd in part on other grounds*, 446 N.W.2d 664 (Minn. 1989), for the proposition that "[t]he standard o[f] proof required for the imposition of punitive damages is not the same as the standard o[f] proof required

for the imposition of treble damages." *Id.* at 476. That is certainly the case in some states. For instance, the Minnesota Supreme Court recognized that "there are differences between a statutory award of multiple damages, which represents a fixed amount and does not necessarily reflect a judgment concerning the culpability of the [defendant]'s conduct, and an award of punitive damages at common law, which is assessed by the jury and thus reflects the community's condemnation of a defendant's conduct when it is viewed as wanton, malicious, or outrageous." *Wojciak v. N. Package Corp.*, 310 N.W.2d 675, 680 (Minn. 1981).

Similarly, in *Cieslewicz v. Mut. Serv. Cas. Ins. Co.*, 267 N.W.2d 595 (Wisc. 1978), the Wisconsin Supreme Court identified three differences between common law punitive damages and statutory multiple damages under Wisconsin law. *First*, the court noted that punitive damages are awarded only if the plaintiff establishes a specific state of mind, but found that state of mind is irrelevant to an award of treble damages under Wisconsin law. *Id.* at 600. *Second*, the court said that common law punitive damages are assessed in the discretion of the jury, but "[m]ultiple damages, on the other hand, are assessed whenever the statutory requirements are met, and the plaintiff is entitled to multiple damages on that showing alone." *Ibid. Third*, the court noted that the wealth of the defendant must be considered when calculating punitive damages, but wealth has nothing to do with the assessment of statutory multiple damages. *Id.* at 600-01.

The national jurisprudence recognizes a difference between punitive damages denominated as such, and multiple damages, acknowledging that multiple damages are not always punitive. "When the award of multiple damages is intended to serve penal purposes, it is a substitute for punitive damages, and the same or similar proof requirements usually must be satisfied." *Dist. Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714, 726 (D.C. 2003). "On the other hand, multiple

damages provisions may be enacted to serve remedial rather than punitive purposes, such as ensuring full compensation or encouraging private enforcement of the law." *Ibid.* Similarly, in a series of cases, the Supreme Court has "placed different statutory treble-damages provisions on different points along the spectrum between compensatory and strictly punitive awards." *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 405 (2003) (collecting cases). As the Supreme Court has noted, "the tipping point between payback and punishment defies general formulation, being dependent on the workings of a particular statute and the course of particular litigation." *Cook Cnty., Ill. v. United States ex rel. Chandler*, 538 U.S. 119, 130 (2003). Indeed, at least one court of appeals has instructed that "treble damages statutes defy easy categorization as compensatory or punitive in nature." *Alea London Ltd. v. Am. Home Services., Inc.*, 638 F.3d 768, 777 (11th Cir. 2011). Instead, "[w]hether treble damages under a given statute are considered compensatory or punitive is an intensely fact-based inquiry that may vary statute-to-statute." *Ibid.* (citations omitted).

Those articulated distinctions between punitive damages and multiple damages are sensible and well-reasoned. However, they do not appear to have taken root in Michigan jurisprudence. The nature and amount of damages to which a plaintiff is entitled is a matter of substantive law. *See Blasky v. Wheatley Trucking, Inc.*, 482 F.2d 497, 498 (6th Cir. 1973). Because this is a diversity action, the Court must follow Michigan substantive law, as prescribed by the state's highest court. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). And because the Michigan Supreme Court has not addressed whether the requirements to impose punitive and statutory multiple damages are the same, the Court "must predict how it would resolve the issue from 'all relevant data.'" *Kingsley Associates, Inc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498, 507 (6th Cir.1995) (citing *Bailey v. v. &*

*O Press Co., Inc.*, 770 F.2d 601, 604 (6th Cir.1985)). "Relevant data include decisions of the state appellate courts, and those decisions should not be disregarded unless we are presented with persuasive data that the Michigan Supreme Court would decide otherwise." *Ibid.* (citing *FL Aerospace v. Aetna Casualty and Surety Co.*, 897 F.2d 214, 218-19 (6th Cir.1990)).

Every Michigan court to consider the issue has found that treble damages under Michigan Compiled Laws § 600.2919a is punitive in the traditional sense, that is, to punish the defendant for wrongdoing. *See e.g.*, *Peisner v. Detroit Free Press Inc.*, 421 Mich. 125, 143 n.4, 364 N.W.2d 600, 609 (1984) (describing treble damages as an example of "true 'punitive' (i.e., punishment-type) damages"); *Shephard v. Gates*, 50 Mich. 495, 498, 15 N.W. 878, 880 (1901) ("[T]reble damages are in their nature punitory."); *Michigan Land & Iron Co. v. Deer Lake Co.*, 60 Mich. 143, 146, 27 N.W. 11 (1886) (same).

The plaintiffs have not argued otherwise. As the Michigan Court of Appeals noted in *New Properties, Inc. v. George D. Newpower, Jr., Inc.*, 282 Mich. App. 120, 137, 762 N.W.2d 178, 189 (2009), treble damages are intended as a "*penalty*," not an assessment of actual compensatory damages. In other words, treble damages under this statute "extend[] beyond restoring" a plaintiff "to their original condition" before the act of conversion. *Ibid.* Instead, the purpose of treble damages is "to *penalize*" the converter. *Ibid.*; *see also Alken-Ziegler, Inc. v. Hague*, 283 Mich. App. 99, 104, 767 N.W.2d 668, 671 (2009) (Mich. Comp. Laws § 600.2919a "is a punitive statute that provides for recovery of three times the amount" converted. "Punitive damages reflect a worthy public policy consideration of punishing dishonest defendants and setting an example for similar wrongdoers."); *Pantall Gallup*, No. 314852, 2014 WL 5793945, at *19 ("Treble damages awarded under [Mich. Comp. Laws § 600.2919a] are punitive in nature."); *Stockbridge Capital, LLC v.*

*Watcke*, No. 313241, 2014 WL 860353, at *3 (Mich. Ct. App. Mar. 4, 2014) (same); *Beginin v. Thomas Hospitality Grp., Inc.*, No. 317515, 2014 WL 6859292, at *2 (Mich. Ct. App. Dec. 4, 2014) ("The purpose of [Mich. Comp. Laws § 600.2919a] . . . is to punish wrongdoing . . . by granting victims of conversion the possibility of treble damages."); *Sutter v. Ocwen Loan Servicing, LLC, No. 320704, 2015 WL 1814160*, at *6 (Mich. Ct. App. Apr. 21, 2015) ("The purpose of the conversion statute is not merely to restore the plaintiff to his or her original condition, but to penalize the converting defendant by authorizing treble damages.") (citing *New Properties*, 282 Mich. App at 137; 762 NW2d at 189).

Where multiple damages are considered punitive, the award, as noted above, must be made by the fact finder upon an appropriate showing, instead of automatically "whenever the statutory requirements are met." *Cieslewicz*, 267 N.W.2d at 600. Consistent with that procedure, the Michigan Court of Appeals — unlike Wisconsin courts, for instance — has uniformly found that treble damages for statutory conversion are a matter for the jury to decide. *See Aroma Wines & Equip., Inc. v. Columbian Distribution Servs., Inc.*, 303 Mich. App. 441, 449-50, 844 N.W.2d 727, 732 (2013) ("[W]hether to award treble damages is a question for the trier of fact, and we cannot simply order treble damages upon a finding of conversion."); *see also Pantall Gallup, LLC v. Alnouri*, No. 314852, 2014 WL 5793945, at *18-19 (Mich. Ct. App. Nov.6, 2014) ("The term 'may' is permissive and indicates discretionary activity. Thus, under the language in MCL 600.2912a(1), treble damages and attorney fees are discretionary. Accordingly, whether to award treble damages is a question for the trier of fact.") (citations omitted); *Poly Bond, Inc. v. Jen Tech Corp.*, No. 290429, 2010 WL 2925428, at *4 (Mich. Ct. App. July 27, 2010) ("As the trial court concluded, the phrase 'may recover' in MCL 600.2919a indicates that treble damages are permissive, not

mandatory. Thus, a trier of fact has discretion to decide whether to award them when a person has sustained actual damages as a result of another person converting property, for example.").

Michigan courts have been less clear, however, on the showing a plaintiff must make to recover treble damages for statutory conversion under section 600.2919a. Nonetheless, there is a body of law addressing awards of multiple damages under other statutes. As with punitive damages, Michigan courts have repeatedly found that a plaintiff may only recover statutory multiple damages upon a showing of wilful misconduct. *Shephard*, 50 Mich. at 498, 15 N.W. at 880 ("[I]nasmuch as treble damages are in their nature punitory, it cannot be assumed they were designed to be inflicted in any case not clearly defined, or in any case not involving something like willful wrong. The statute applies to nothing but active injuries proceeding directly from unlawful acts. . . . It also follows that such damages cannot arise from mere neglect, but must come from active misconduct."); *Overseer of Highways of Rd. Dist. No. 4 of St. Ignace Twp. v. Pelton*, 129 Mich. 31, 34, 87 N.W. 1029, 1030 (1901) (same); *Governale v. City of Owosso*, 59 Mich. App. 756, 759, 229 N.W.2d 918, 920 (1975) (noting that a good faith and honest belief is a good defense to treble damages under trespass statute); *Stevens*, 121 Mich. App. at 509, 328 N.W.2d at 675 (Treble damages under Mich. Comp. Laws § 600.2919 "are not designed to be imposed in the absence of active misconduct"); Tammy E. Hinshaw and John Kimpflen, 7 Mich. Civ. Jur. Damages § 179 (2015) ("The legislature may provide for the recovery of treble damages. Since treble damages are by their nature punitive, they are not to be awarded in any case not clearly defined or not involving something like willful wrong.").

Consistent with the foregoing, the Michigan Supreme Court has approved jury instructions directing juries to award treble damages only upon a finding of willful misconduct. For instance,

in *Michigan Land & Iron Co. v. Deer Lake Co.*, 60 Mich. 143, 27 N.W. 10 (1886), the Michigan Supreme Court affirmed the following treble damages instruction in a trespass case:

> In determining [an award of treble damages] there must be some evidence of willfulness, wantonness, or evil design. . . . Negligence alone is not sufficient to create liability [for treble damages] in a case of this kind. If [the defendant's foreman] believed he was on the lands of defendant, he would not be liable for the trespass himself in treble damages, nor would the defendant in the case.

*Id.* at 145-46, 27 N.W. at 10-11. The court held that treble damages were "punitory" under the statute and could only be awarded for "active misconduct." *Id.* at 146, 27 N.W. at 11.

Even when the defendant's state of mind is irrelevant for determining liability, willfulness may become relevant to an assessment of damages. For instance, in *Connor v. McRae*, 193 Mich. 682, 160 N.W. 479 (1916), the Michigan Supreme Court held that treble damages for trespass could only be awarded for willful or wanton conduct, even though trespass is a strict liability tort. The parties did not dispute that the defendant trespassed on the land; the only question for the jury was the extent of the trespass and the resulting damages. The Michigan Supreme Court found no error in the following charge to the jury:

> The burden of proof in this case is upon the plaintiffs to maintain their cause of action by a fair preponderance of the evidence. As I have said, there are some undisputed questions of fact. In view of the undisputed questions of fact, it becomes your duty to find a verdict in favor of these plaintiffs. The only question upon that point is as to the amount of damages; that is a disputed question of fact to be determined by you.
> . . .
> In order to so hold defendants . . . [liable] for treble damages there must be evidence of willfulness, wantonness, or evil design upon the part of such defendants. . . . Negligence alone is not sufficient to create liability of this kind. Even if the defendants were negligent, that alone would not be sufficient to make them liable for treble damages; there must be active misconduct.

*Id.* at 693-94, 160 N.W. at 482-83.

The foregoing authority suggests that there is little likelihood that the Michigan Supreme Court would treat the assessment of treble damages under the statutory conversion statutes differently than treble damages for trespass. Both are akin to punitive damages under Michigan law. The plaintiffs therefore must establish their right to treble damages for statutory conversion with evidence that the defendants acted willfully or wantonly in converting the excess attorney's fees.

The defendants argue that the plaintiffs must prove their entitlement to punitive damages by clear and convincing evidence, but do not cite any Michigan court cases to support their assertion. The law appears contrary. The Michigan Supreme Court has stated that a plaintiff is entitled to treble damages if the jury finds that the defendants acted willfully or wantonly by a preponderance of the evidence. *See Connor*, 193 Mich. at 693, 160 N.W. at 483; *see also White v. Burlington N. & Santa Fe R. Co.*, 364 F.3d 789, 805-06 (6th Cir. 2004) ("[P]unitive damages have a long history in American civil litigation, where the traditional standard of proof has been 'preponderance of the evidence.'") (citing Jury Determination of Punitive Damages, 110 Harv. L. Rev. 1513, 1531-32 (1997)). The Court will instruct the jury accordingly.

## II. Attorney's Fees

The defendants argue that the jury also must decide whether the plaintiffs are entitled to attorney's fees under Michigan Compiled Laws § 600.2919a(1) and, if so, the amount of those fees. The plaintiffs disagree; they believe the Court makes that determination after trial.

In a diversity action, the Court must apply state substantive law and federal procedural law in determining an award of attorney fees. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 528 (6th Cir. 2002) (citing *Erie*, 304 U.S. at 78); *see also Alyeska Pipeline Co.*

*v. Wilderness Soc'y*, 421 U.S. 240, 260 n.31 (1975) ("In an ordinary diversity case where the state law does not run counter to a valid federal statute, . . . state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.").

Michigan's statutory conversion statute expressly authorizes recovery of attorney's fees when a plaintiff establishes a violation of the statute as a matter of state *substantive* law. The statute states:

> A person damaged as a result of [statutory conversion] may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees.

Mich. Comp. Laws § 600.2919a(1). The federal *procedural* rule governing the award of attorney's fees when appropriate is Federal Rule of Civil Procedure 54(d). The rule states:

> A claim for attorney's fees and related nontaxable expenses must be made by motion *unless* the substantive law requires those fees to be proved at trial as an element of damages.

Fed. R. Civ. P. 54(d) (emphasis added). State laws that collide with federal rules of procedure must yield, and the federal procedural rule governs in federal courts. *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 410 (2010) (plurality) (holding that if a Federal Rule "regulates procedure," "it is authorized by [the Rules Enabling Act, 28 U.S.C.] § 2072 and is valid in all jurisdictions, with respect to all claims, regardless of its incidental effect upon state-created rights"). Michigan courts have not spoken to the question whether the court or the jury decides an award of attorney's fees under the conversion statute. Rule 54(d) provides the necessary guidance in any event, by directing the inquiry toward whether attorney's fees are a form of collateral relief, or must be considered an element of damages. In this case, the plaintiffs argue for the former, while the defendants insist upon the latter.

"Attorney's fees and costs are matters traditionally reserved for court determination." *The Scotts Co. v. Cent. Garden & Pet Co.*, 256 F. Supp. 2d 734, 748 (S.D. Ohio 2003); *see also Dryvit Sys., Inc. v. Great Lakes Exteriors, Inc.*, 96 F. App'x 310, 311 (6th Cir. 2004) ("Typically, attorney's fees are collateral to the merits and awarded after judgment by Fed. R. Civ. P. 54(d)(2) motion."). The primary exception involves disputes in which attorney fees are authorized by contract. *See Tipton v. Mill Creek Gravel, Inc.*, 373 F.3d 913, 923 n.10 (8th Cir. 2004) (observing that "[c]ourts have held attorney fees to be special damages primarily in instances when available under a contract between the parties"); *see also Dryvit*, 96 F. App'x at 311 ("[I]n Michigan, attorney's fees awarded by a 'prevailing party' contract clause are considered damages, not costs, and therefore are not collateral to the merits.") (citations omitted).

No Michigan court has found that attorney's fees are an element of damages for statutory conversion. However, the defendants argue that whether to award attorney fees should be submitted to the jury because they are "discretionary" under Michigan law. *See Aroma*, 303 Mich. at 449, 844 N.W.2d at 732 (noting that under section 600.2912a(1), "treble damages and attorney fees are discretionary"). That attorney fees are discretionary, however, does not mean that the discretion to award attorney fees belongs to the jury. Instead, courts traditionally have the discretion to award attorney fees and costs. *Cf. King v. Gen. Motors Corp.*, 136 Mich. App. 301, 307, 356 N.W.2d 626, 629 (1984) ("As in all cases where attorney fees are recoverable pursuant to statute or court rule, the decision to grant or deny an award of attorney fees under [the civil rights statutes] is within the discretion of the trial court."). There is no indication in the conversion statute that attorney's fees are considered an element of damages. A finding otherwise may subject the attorney's fee award to trebling. The defendants have offered no reason why the Court should depart from the general

rule here. An award of attorney's fees is collateral to the plaintiffs' damages for statutory conversion. Because attorney's fees are not an element of damages, the plaintiffs may seek them under the procedures outlined in Rule 54(d).

### III. Expert Witnesses

The plaintiffs argue that they should be able to call an attorney to testify as an expert witness about defendant Hadden's conduct and whether it justifies an award of treble damages. According to the plaintiffs, their witness would give opinions about the extent of the defendants' misconduct based on his or her (1) review of the underlying facts in this case; (2) experience as a licensed Michigan lawyer; (3) familiarity with the calculation of a contingency under Michigan Court Rule 8.121(c)(1); (4) understanding of the Michigan Rules of Professional Conduct; (5) review of the Attorney General Commission letter and its underlying investigation; and (6) knowledge of Michigan law. The defendants argue that it would be error to permit expert testimony from a lawyer about his or her legal opinion. However, the defendants assert that they will produce their own medical expert to testify about Hadden's state of mind at the time he converted the settlement proceeds.

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence. That rule was modified in December 2000 to reflect the Supreme Court's emphasis in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), on the trial court's gatekeeping obligation to conduct a preliminary assessment of relevance and reliability whenever a witness testifies to an opinion based on specialized knowledge. Although the rule and the cases interpreting it set forth a number of criteria, at base expert testimony must be helpful to the jury "to understand the evidence or to

determine a fact in issue." Fed. R. Evid. 702(a). Expert "testimony that does little more than tell the jury what result to reach . . . is properly excludable under the Rules." *Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997).

To prove entitlement to treble damages, the plaintiffs must show that the defendants acted willfully or wantonly. Generally, opinion testimony on a person's state of mind does not aid the jury in determining a fact in issue. As one district court explained recently:

> Expert testimony as to intent, motive, or state of mind offers no more than the drawing of an inference from the facts of the case. The jury is sufficiently capable of drawing its own inferences regarding intent, motive, or state of mind from the evidence, and permitting expert testimony on this subject would be merely substituting the expert's judgement for the jury's and would not be helpful to the jury.

*Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*, No. 11-851, --- F. Supp. 3d ---, 2015 WL 3505793, at *14-15 (S.D. Ohio June 3, 2015) (quoting *Siring v. Oregon State Bd. of Higher Ed.*, 927 F. Supp. 2d 1069, 1077 (D. Or. 2013)). Because "[t]he intent of the [defendant] is an issue within the competence of the jury," expert opinion testimony will not assist the jury in determining whether Hadden acted willfully when he converted the settlement funds. *See CMI-Trading, Inc. v. Quantum Air, Inc.*, 98 F.3d 887, 890 (6th Cir. 1996), *abrogated on other grounds by Morales v. American Honda Motor Co., Inc.*, 151 F.3d 500 (6th Cir. 1998).

Moreover, neither party identified expert witnesses on this subject when they exchanged disclosures under Federal Rule of Civil Procedure 26(a)(2). That rule requires a party to disclose the identify of any expert witness it may use at trial, which "must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specifically employed to provide expert testimony in the case." *Ibid.* "The expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their case

-13-

adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2013) (citing Fed. R. Civ. P. 26(a)(2) advisory committee's note). As the Fourth Circuit has explained, "'Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case.'" *Wilkins v. Montgomery*, 751 F.3d 214, 221 (4th Cir. 2014) (quoting *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278-79 (4th Cir. 2005)).

The plaintiffs did not furnish any expert reports to the defendant under Rule 26(a)(2). Although the plaintiffs identified the names of potential expert witnesses, none of them pertained to statutory conversion. The defendants' proposed expert, Dr. Ernest Chiodo, was retained to evaluate "whether or not there is any causal connection between Dr. Hunt's habitation of the condominium and any adverse health conditions suffered by him." Chiado Report, dkt. #38-4, at 4. The defendants did not retain him to opine about Hadden's state of mind at the time he converted the settlement funds.

Under Federal Rule of Civil Procedure 37(c)(1), the Court must exclude a witness "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a); that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, No. 98-5488, 1999 WL 455435, at

\*3 (6th Cir. June 25, 1999)). Exclusion of expert testimony is the "standard sanction" for a violation of Rule 26. *Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301, 305 (1st Cir. 1999). However, in determining whether to nevertheless permit expert testimony, "[h]armlessness . . . is the key." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003). "The advisory committee's note to Rule 37(c) 'strongly suggests that "harmless" involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'" *Ibid.* (quoting *Vance*, No. 98-5488, 1999 WL 455435, at \*5). The burden is on the potentially sanctioned party to prove harmlessness. *Roberts ex rel. Johnson*, 325 F.3d at 782.

Permitting new experts — from either party — at this late stage would unfairly prejudice both sides' ability to prepare for trial. The plaintiffs have not furnished the defendants with an expert report, a summary of the proposed testimony, or even the name of the proposed expert (the plaintiffs have only identified *possible* experts depending on their availability on the date of trial). And although the defendants have furnished Dr. Chiodo's report, it does not address Hadden's state of mind at the time of the conversion. Neither party has met its burden of showing that the failure to comply with Rule 26(a)(2) was harmless.

For these reasons, the Court will not permit the parties to offer expert testimony on the defendants' culpability for treble damages.

## IV. Conclusion

For the reasons explained above, the Court will submit the question of treble damages to the jury and instruct that it must find that the defendants acted willfully or wantonly before a treble damages award may be made. The plaintiffs' entitlement to attorney's fees must be addressed to

the Court by motion as prescribed by Federal Rule of Civil Procedure 54(d). The parties may not offer expert testimony on the defendants' culpability for treble damages.

It is so **ORDERED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: September 2, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 2, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI

---